IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02117-REB-KLM

CHRISTINA CARTY-MAUK, as the mother and next friend of B.C., a minor child,

    Plaintiff,

v.

LINDA ELLIOTT, in her individual capacity, and
LEOKADIA ANN FREEMAN,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Linda Elliott's ("Elliott") **Motion to Stay Discovery** [Docket No. 23; Filed October 26, 2012] (the "Motion"). Defendant Leokadia Ann Freeman is unopposed to the Motion. *Motion* [#23] at 1. On November 9, 2012, Plaintiff filed a Response [#27] in opposition to the Motion. On November 21, 2012, Defendant Elliott filed a Reply [#32]. Defendant Elliott asks the Court to stay discovery in this case until after final resolution of her pending Motion to Dismiss [#22], in which she seeks qualified immunity.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-

01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC*

*v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would not prejudice Plaintiff. Plaintiff's argument against a stay is that Defendant Elliott is not entitled to qualified immunity, an argument which is fully briefed by the parties in relation to Defendant Elliott's Motion to Dismiss [#22]. Plaintiff argues that not all discovery is barred when a defendant asserts qualified immunity. However, Plaintiff does not provide any indication of prejudice she would suffer if a stay in this matter were granted and Plaintiff is required to wait to conduct discovery until after Defendant Elliott's Motion to Dismiss [#22] is resolved.[1] The Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendant Elliott has not demonstrated that proceeding with the discovery process presents an *undue* burden. However, qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted). Immunity questions should be resolved at the earliest possible stage of the litigation, thereby avoiding many of the associated burdens and costs. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). In light of the Court's obligation to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings," *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998), the Court finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

---

[1] Notably, Plaintiff has not objected to a continuation of the Scheduling Conference based on the fact that rulings are pending on two Motions to Dismiss [#20, #22]. *See Unopposed Third Motion to Continue the Scheduling Conference* [#43]. This also tends to indicate that Plaintiff will not experience prejudice if a stay is imposed in this matter.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor weighs neither in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendant Elliott's Motion to Dismiss [#22] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#23] is **GRANTED**.

IT IS FURTHER **ORDERED** that all discovery is stayed pending resolution of the Motion to Dismiss [#22].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for May 28, 2013 at 9:30 a.m. is **VACATED**. It shall be reset, if necessary, pending final resolution of the Motion to Dismiss [#22].

DATED: May 3, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge